**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2468
_____

JACQUELYN B. N'JAI,
                                        Appellant

v.

THE PITTSBURGH BOARD PUBLIC EDUCATION, PPS; PUBLIC SCHOOL
EMPLOYEES RETIREMENT SYSTEM, PSERS; NEW YORK CITY DEPARTMENT
OF EDUCATION, NYCDOE; TEACHERS RETIREMENT SYSTEM, TRS; EDWARD
JOHNS\ON  III ESTATE, President of Fidelity, Dogger Trustee; EDWARD JOHNSON,
IV; ABIGAIL JOHNSON, a self appointed power of attorney; MICHAEL PALOMBO,
Associate and Investor of Meyers, Darragh, Buckler, Bebenek & Eck, LLC
(Shareholder); CAMPBELL, DURRANT, BETTY, PALOMBO & MILLER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-00329)
District Judge:  Honorable Julia K. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 23, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: April 3, 2026)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jacquelyn N'Jai appeals pro se from the District Court's order dismissing her amended complaint. We will affirm.

In February 2024, N'Jai filed in the District Court a complaint related to her pension from her work in the New York City and Pittsburgh public education systems. The nearly 100-page complaint referenced more than 40 pages of appendices, brought claims for numerous violations of federal and state law against 20 defendants, and made allegations spanning four decades. Among other things, N'Jai alleged irregularities with the transfer of her New York pension fund in the 1990s, retaliation related to her termination from the Pittsburgh system around 2001, embezzlement of her pension funds, and fraud in the adjudication of her previous federal lawsuits.

The District Court, adopting the Magistrate Judge's recommendation, dismissed the claims against federal District Judge Nora Barry Fischer with prejudice and dismissed the remaining claims without prejudice. Among other things, the District Court concluded that the complaint violated Rule 8 of the Federal Rules of Civil Procedure because it was largely unintelligible and failed to connect specific allegations to specific defendants, violated Rule 20 by combining unrelated claims from different times against different defendants, presented claims that appeared to be time-barred, and raised claims against a federal judge who was immune from suit. N'Jai then filed a shorter version of essentially the same complaint. The District Court, again adopting the Magistrate Judge's recommendation, dismissed the complaint on essentially the same grounds. The District Court's dismissal was without leave to amend, but also without prejudice to

2

N'Jai's filing "separate complaints against distinct defendants" in pleadings that complied with the Federal Rules of Civil Procedure. ECF No. 25 at 18. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291.[1] We may affirm on any basis supported by the record. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

The District Court properly concluded that judicial immunity barred the claims against Judge Fischer. A judge is immune from liability for all actions taken in her judicial capacity, unless such action is taken in the absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Nowhere did N'Jai allege that Judge Fischer was acting in a non-judicial capacity or in the complete absence of jurisdiction when she ruled against N'Jai in prior cases. *See Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000).

---

[1] The District Court action was dismissed "without prejudice," which generally indicates that the dismissal is not final and appealable under 28 U.S.C. § 1291. *See Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam). However, we have jurisdiction to consider the District Court's order despite its "without prejudice" designation because the District Court denied leave to amend, meaning that N'Jai cannot proceed as she has requested—with one consolidated case instead of filing multiple lawsuits for the distinct conduct against different defendants in different time periods. *See id.* at 951 (explaining that a plaintiff's ability to correct a deficiency without affecting the cause of action is why a without-prejudice dismissal is neither final nor appealable); *cf. Pa. Family Inst., Inc. v. Black*, 489 F.3d 156, 162 (3d Cir. 2007) (per curiam) ("*Borelli* does not apply 'where the district court has dismissed based on justiciability and it appears that the plaintiffs could do nothing to cure their complaint.'") (citation omitted).

The District Court acted within its discretion to dismiss the amended complaint for failure to comply with Rule 8. *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).[2] Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Each averment "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation modified). While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). The complaint cannot be "so vague or ambiguous that a defendant cannot reasonably be expected to respond to it," but must "present[] cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 93–94 (citation modified).

Here, we agree with the District Court's assessment that "it is unclear who is being sued in this action and for what," as "the amended complaint lists conclusory statements instead of a factual narrative explaining the alleged roles of the defendants." ECF No. 25

---

[2] In light of this conclusion, we need not consider the District Court's additional bases for dismissing the amended complaint, including the District Court's determination that the amended complaint violated Federal Rule of Civil Procedure 20, which is not an independent basis to dismiss a complaint. *See* Fed. R. Civ. P. 21. We note that the District Court's Rule 20 analysis further highlights the deficiencies of the amended complaint under Rule 8, as it is unclear which claims relate to which defendants. The fact that the District Court was earlier able to identify and dismiss the claims against Judge Fischer in the original complaint does not mean that the same was true for the remaining claims against the other defendants in the amended complaint. *Cf.* Garrett, 938 F.3d at 96 n.29 (addressing the application of Rule 8 to "specific defendants").

at 8, 17.  The alleged conduct appears to relate to different issues occurring in different decades, and it is unclear how the voluminous appendices and exhibits relate to the claims raised in the complaint.  Thus, the amended complaint failed to satisfy Rule 8's requirements, as it lacked a short and plan statement of the claims against each defendant, and it failed to "present[] cognizable legal claims to which a defendant can respond on the merits."  *Garrett*, 938 F.3d at 94.  Under these circumstances, the District Court also did not err in denying N'Jai further leave to amend this action.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the District Court's judgment.[3]

---

[3] N'Jai's motion for leave to file two reply briefs and a corrected reply brief is granted.